IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) | |
| | ) | No. 36336-8-III |
| | ) | |
| JERRY ALLEN HERRON, | ) | |
| | ) | |
| Petitioner. | ) | |
| | ) | UNPUBLISHED OPINION |
| | ) | |
| | ) | |

FEARING, J. — Jerry Allen Herron was convicted by a Whitman County jury in 2007 of first degree rape while armed with a deadly weapon. We affirmed his conviction on appeal. *State v. Herron*, 177 Wn. App. 96, 318 P.3d 281 (2013), *affirmed*, 183 Wn.2d 737 (2015). The case was final on the date of its mandate: November 10, 2015. RCW 10.73.090(3)(b). Herron filed a prior personal restraint petition that we dismissed as frivolous. *See In re Personal Restraint of Herron*, order no. 34860-1-III (Wa. Ct. App. 2017). On August 27, 2018, Herron filed a personal restraint petition in the Washington Supreme Court, which transferred the petition to this court for review. RAP 16.5. In this, his second petition, he contends the State unlawfully withheld newly discovered impeachment evidence. We hold that the evidence does not support review and dismiss Herron's petition as untimely.

FACTS

One afternoon in February 2007, 22-year-old K.B. drank with friends across the street from a Spokane Zip Trip store. She planned to ride a bus later that day to visit family in Pullman. Jerry Herron worked at the Zip Trip. Near the end of his shift, he encountered K.B. in the parking lot and offered her a ride to the bus station. After he drove her to the station to buy a bus ticket, the two went to Herron's trailer to drink beer while she waited for the scheduled departure. K.B. missed her bus, so she asked Herron to drive her to Pullman. Her father offered by telephone to pay Herron gas money after she arrived. According to K.B., she and Herron ate dinner and then he offered to drive her to Pullman if she would have sex with him. An upset K.B. left Herron's trailer and told the man in the neighboring trailer that Herron demanded sex with her. Eventually Herron apologized, explained he was drunk, and said he did not mean what he had said.

On the way to Pullman that night, Jerry Herron pulled off the highway, stopped his car, and retrieved a knife. He placed the knife to K.B.'s neck and demanded sex. K.B. sustained knife cuts to her hand and cheek when she tried to push him away. She then submitted to vaginal rape. Afterward, Herron left K.B. at a Pullman restaurant and drove home to Spokane without waiting for payment from her father. K.B. immediately reported the rape and went to the hospital. The rape investigation recovered Herron's DNA in semen found in K.B.'s vagina and on her clothing. When arrested, Herron denied having sex with K.B.

2

The State charged Jerry Herron with first degree rape while armed with a deadly weapon. Before trial, the prosecutor researched K.B.'s criminal history through March 2007 and relayed the information to defense counsel. In 1998, K.B. had committed juvenile offenses of third degree theft, vehicle prowling, two counts of criminal trespass, and minor in possession when age thirteen. In 2003, when age eighteen, she was twice convicted of giving false statements to police. And in 2004, she was convicted of fourth degree assault. Herron moved in limine for an order to allow admission of the juvenile adjudications of third degree theft and vehicle prowling in order to attack K.B.'s credibility. The trial court denied the motion and further ruled that defense counsel could not cross-examine K.B. about the 2004 adult fourth degree assault conviction. The court ruled, however, that the defense could question K.B. about the two 2003 adult convictions of making a false statement to police.

Trial began on June 18, 2007. The jury convicted Jerry Herron as charged.

In this second personal restraint petition, Jerry Herron alleges that, sometime after his first personal restraint petition, his counsel learned that K.B. had been charged, on May 29, 2007, in Spokane County with fourth degree assault, and the Spokane Municipal Court had issued a bench warrant on June 18, 2007, the first day of the Whitman County trial. Herron provides no evidence to indicate when he learned of K.B.'s 2007 charge and bench warrant. He contends the State's failure to advise him of the complaining witness's recent criminal charge undermines confidence in his rape verdict because

3

defense counsel would have examined K.B. to determine whether she lied to avoid

another conviction for false reporting or to curry favor with the prosecutor.

## DISCUSSION

Jerry Herron's appellate counsel filed this petition more than one year after finality

of Herron's prosecution. Consequently, RCW 10.73.090(1) bars the petition unless the

judgment and sentence is invalid on its face, the trial court lacked jurisdiction, or the

petition is based solely on one or more of the exceptions set forth in RCW 10.73.100(1) –

(6). He must also show with a preponderance of the evidence that the error caused him

prejudice. *In re Personal Restraint of Lord*, 152 Wn.2d 182, 188, 94 P.3d 952 (2004).

Because he files a second petition, Herron must certify that he has not filed a previous

petition on similar grounds and that good cause exists as to why he did not raise the new

grounds in the previous petition. RCW 10.73.140. If we deem this successive petition

timely and his claim is not frivolous, we will transfer the petition to the Washington

Supreme Court. *In re Personal Restraint of Markel*, 154 Wn.2d 262, 267, 111 P.3d 249

(2005); RCW 10.73.140.

Jerry Herron does not address the untimeliness or successiveness of his second

petition except to write: "This PRP is both timely and not improperly successive because

the State improperly suppressed the exculpatory information." Petition at 2. He adds:

"To hold that this PRP is either untimely or improperly successive, or both, would reward

the State for violating its constitutional obligations." *Id.* Herron refers to the

constitutional due process protections established in *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), which, with its progeny, holds that the government has a duty to disclose favorable evidence material to the guilt or punishment of the accused. *In re Personal Restraint of Stenson*, 174 Wn.2d 474, 486, 276 P.3d 286 (2012). This duty encompasses impeachment and exculpatory evidence. *In re Personal Restraint of Stenson*, 174 Wn.2d at 486.

Jerry Herron contends the State withheld the facts that K.B. had been charged with fourth degree assault less than a month before his trial and that she had a municipal court bench warrant at the time she testified at his trial. He argues that his trial counsel could have employed this evidence to impugn K.B.'s motives in supporting the prosecution. He claims that the prosecutor should have discovered this criminal charge and revealed it to the defense before trial.

In his second personal restraint petition, Jerry Herron fails to address how his *Brady* violation claim avoids the one-year time bar of RCW 10.73.090(1). Although he does not cite the exceptions to the time bar found in RCW 10.73.100, the only exception that appears relevant to his argument is RCW 10.73.100(1): "Newly discovered evidence, if the defendant acted with reasonable diligence in discovering the evidence and filing the petition." We apply the same standard we apply to a motion for a new trial. The defendant must show that the evidence (1) will probably change the result of the trial, (2) was discovered since the trial, (3) could not have been discovered before trial by the

exercise of due diligence, (4) is material, and (5) is not merely cumulative or impeaching. *In re Personal Restraint of Lord*, 152 Wn.2d 182, 188 (2004); *State v. Williams*, 96 Wn.2d 215, 223, 634 P.2d 868 (1981). The absence of any one of the factors defeats a claim of newly discovered evidence. *State v. Wheeler*, 183 Wn.2d 71, 82, 349 P.3d 820 (2015).

Jerry Herron claims K.B.'s 2007 Spokane fourth degree assault charge and bench warrant were information unlawfully withheld by the Whitman County prosecutor. Assuming, without deciding, that the prosecutor unlawfully withheld the information and that Herron could not have discovered the information with due diligence at the time of his trial, we address whether the charge and warrant against K.B. would probably have changed the result of the trial, was material to Herron's defense, and was not merely cumulative or impeaching.

The record does not show that evidence of K.B.'s new charge and warrant would have changed the result of Jerry Herron's trial. The trial court had already ruled that a prior fourth degree assault conviction was inadmissible, and the court probably would have ruled that the recent charge of fourth degree assault was also irrelevant to credibility. Even assuming the evidence to be admissible, we doubt the evidence would have influenced the jury. The jury would likely not believe that the Whitman County prosecutor could direct charging decisions made in Spokane County. And defense counsel's use of the prior convictions of false reporting was more cogent to the issue of

6

K.B.'s propensity to lie. This new criminal information is also cumulative because some of K.B.'s prior crimes were already admitted at trial to impeach her credibility.

Jerry Herron also argues that, if the State had shared the information of K.B.'s recent charges and warrant, defense counsel could have explored why K.B. was allowed to remain free despite the warrant. The record shows, however, that K.B. currently resided in the Latah County jail on an unrelated misdemeanor charge. Defense counsel stated that her incarceration was not relevant and that he did not intend to elicit from her that she had been in jail recently in Latah County.

To summarize, Jerry Herron fails to demonstrate that K.B.'s 2007 charge of fourth degree assault and the bench warrant would have changed the jury's verdict. As a result, Herron does not present newly discovered evidence that justifies an exception to the one-year time bar under RCW 10.73.100(1).

## CONCLUSION

We dismiss Jerry Herron's second personal restrain petition as untimely. RCW 10.73.090(1). In light of this decision, we decline to address the successiveness of his petition under RCW 10.73.140.

No. 36336-8-III
*In re Pers. Restraint of Herron*

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Korsmo, J.

_____
Pennell, A.C.J.