**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51517-2-II |
| Respondent, | (Consolidated w/ No. 51797-3-II) |
| v. | |
| | UNPUBLISHED OPINION |
| THEODORE RHONE, | |
| Appellant. | |
| In the Matter of the Personal Restraint Petition of: | No. 51797-3-II |
| THEODORE RHONE, | |
| v. | |
| Petitioner. | |

GLASGOW, J. — Theodore Rhone was a passenger in a car that went through the drive through at a fast food restaurant. According to the person working at the drive through window, Rhone pointed a gun and demanded money. When police later pulled the car over, they searched it and found crack cocaine and a gun.

Rhone was convicted of possession of a controlled substance with intent to deliver, unlawful possession of a firearm, first degree robbery, and bail jumping. After multiple personal restraint petitions (PRPs), his case was ultimately remanded for the trial court to vacate his convictions for drug and firearm possession. On remand, he argued that his first degree robbery conviction should be reversed because the jury instructions listed an alternative means different from the means charged in the information. He also moved for a new trial and to vacate judgment on his remaining convictions on the grounds that the exclusion of an African American person

from his jury established a prima facie case of racial discrimination under recent case law applying *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986).

The trial court determined that all of these claims were time-barred and transferred all claims to this court as a PRP. Rhone filed a direct appeal of his new judgment and sentence based on the uncharged alternative means in the jury instructions, arguing that the discrepancy between the information and the jury instructions rendered his new judgment and sentence facially invalid. In his direct appeal he also included challenges to the imposition of certain legal financial obligations, and he filed a statement of additional grounds. His PRP and direct appeal were consolidated in this court.

We consider Rhone's direct appeal as part of his PRP and hold that his judgment and sentence is facially valid, so his challenge based on the uncharged alternative means in the jury instructions is time-barred and must be dismissed. Under the mixed petition rule, we accordingly dismiss the entire PRP and do not address his remaining claims.

## FACTS

### I. RHONE'S CONVICTIONS

In 2003, Rhone was arrested for his role in an incident at a fast food restaurant in Lakewood. According to testimony from Isaac Miller, a restaurant employee, Rhone was in the passenger seat of a vehicle that came through the drive through. Rhone demanded money and displayed a gun from the passenger seat. Rhone pointed the gun upward in the direction of the drive through window where Miller was standing.

Shortly thereafter, the police stopped the vehicle and detained its three occupants, including Rhone.  Another passenger, Phyllis Burg, told the police there was a gun in the car.  Burg later testified that Rhone had thrown a plastic bag containing the gun onto the backseat of the car when the police arrived.  The police searched the car and found a gun, drugs, and cash.

The police charged Rhone with possession of crack cocaine with intent to deliver, first degree robbery, first degree unlawful possession of a firearm, and bail jumping.  With respect to the first degree robbery charge, the information specifically alleged that Rhone was armed with a firearm.  Before trial, the court denied Rhone's motion to suppress the firearm and drugs seized from the car.

During jury selection, there were two African American people in the jury pool.    After one of them was excused for cause by agreement of both parties, the State used a peremptory challenge to dismiss the other African American person.  Rhone moved for a new jury panel on the grounds that the prosecutor made this decision on the basis of the potential juror's race. The trial court determined that Rhone failed to make a prima facie showing of racial discrimination and denied the motion.

At the conclusion of trial, the court instructed the jury that a person commits first degree robbery when, in the commission of a robbery, they "display[] what appears to be a firearm." Clerk's Papers (CP) at 79.  This instruction did not include the alternative means of being armed with a firearm as charged in the information.

The jury convicted Rhone on all charges.  The jury made a specific finding that Rhone was "armed with a firearm" during the commission of first degree robbery.  CP at 121.

3

At sentencing, the trial court accordingly imposed a firearm enhancement on Rhone's robbery conviction. The court determined that Rhone's convictions for first degree robbery and possession of a controlled substance with intent to deliver were most serious offenses. The court also determined that all three of Rhone's previous felony convictions were most serious offenses for purposes of the Persistent Offender Accountability Act, chapter 9.94A RCW. The trial court accordingly sentenced Rhone to life without the possibility of release.

## II. SUBSEQUENT PROCEDURAL HISTORY

Rhone appealed his convictions and we affirmed. *State v. Rhone*, No. 34063-1, noted at 137 Wn. App. 1046, 2007 WL 831725 (2007) (*Rhone* I). Our Supreme Court granted review based on Rhone's argument that his jury selection violated *Batson*, 476 U.S. 79, and also affirmed. *State v. Rhone*, noted at 168 Wn.2d 645, 229 P.3d 752 (2010), *abrogated by City of Seattle v. Erickson*, 188 Wn.2d 721, 398 P.3d 1124 (2017) (*Rhone* II). Rhone's direct appeal became final on June 15, 2010.

Rhone brought two unsuccessful PRPs in 2012. In July 2013, Rhone brought his third PRP alleging that the trial court should have granted his motion to suppress the firearm and drugs seized during his arrest because "the warrantless search that preceded his arrest was unlawful under *Arizona v. Gant*, 556 U.S. 332[, 129 S. Ct. 1710, 173 L. Ed. 2d 485] (2009)." CP at 387. The case was transferred to our Supreme Court, which ultimately remanded for the trial court to reconsider its suppression ruling in light of *Gant*, 556 U.S. 332.

On remand, the trial court again denied Rhone's motion to suppress because it determined the case did not involve a search incident to arrest, so *Gant* did not apply. Rhone appealed and we

4

held the suppression motion should have been granted. *State v. Rhone*, No. 46960-0-II, slip op. at 2016 WL 3702707, at *4 (Wash. Ct. App. July 6, 2016), *review denied*, 187 Wn.2d 1018 (2017) (*Rhone* III). Applying the "'overwhelming untainted evidence'" test to determine whether the error was harmless, we held the error was harmless with respect to the robbery conviction. *Id.*, slip op at *5 (quoting *State v. Coristine*, 177 Wn.2d 370, 380, 300 P.3d 400 (2013)). We reasoned that the jury instructions required the jury to find only that Rhone displayed what appeared to be a firearm, and the untainted, unchallenged evidence supported such a finding based on Miller's and Burg's testimony. *Id.* Notably, we did not reverse the firearm enhancement imposed on Rhone's robbery conviction. *Id.* Nor did we disturb the jury's special verdict finding that Rhone was armed with a firearm at the time of the commission of the robbery. *Id.*

In contrast, we held that the error was not harmless with respect to Rhone's convictions for drug and firearm possession because the unchallenged findings of fact did not contain any "independent indication" that Rhone was in possession of drugs or a firearm. *Id.* On the firearm specifically, we explained that because the unchallenged findings "include[d] only Miller's statement that the front seat passenger pointed a gun at him when the [car] proceeded through the drive through and Burg's statement that there was a gun in the car, the State fail[ed] to establish that the untainted evidence can support the finding that Rhone possessed an actual firearm." *Id.* We vacated Rhone's convictions for drug and firearm possession, and "remand[ed] for further proceedings." *Id.*, slip op at *6.

On November 9, 2017, Rhone moved for a new trial under CrR 7.5. He argued that his robbery conviction was based on erroneous jury instructions and raised again his *Batson* challenge.

At a hearing on November 17, the trial court verbally ruled that it was denying Rhone's motion for a new trial but would transfer the motion to this court as a PRP. That same day, the court issued a written order vacating Rhone's drug and firearm possession convictions and retaining his first degree robbery conviction, pursuant to our remand instructions. That order made no mention of the court's verbal ruling on Rhone's motion for new trial. Also on that same day, Rhone filed his notice of appeal, specifying that he was appealing from the judgment and sentence entered on November 17, 2017.

On December 15, 2017, Rhone moved to vacate judgment under CrR 7.8. That motion focused exclusively on Rhone's *Batson* challenge, and did not include any argument with respect to the jury instructions issue raised in his November 9 motion for a new trial. That same day the trial court issued an order transferring the CrR 7.8 motion to this court to be considered as a PRP because Rhone's claims appeared to be time-barred. The written order indicated it was in response to Rhone's motions filed on "12/15/17 + 1/2/18."[1] CP at 482. During the December 15 hearing on Rhone's CrR 7.8 motion, the trial court said that it would transfer both the jury instructions issue and the *Batson* issue to this court as a single PRP.

Rhone's direct notice of appeal and PRP were then consolidated in this court.

---

[1] It is likely that the mention of a January 2, 2018 motion was a scrivener's error, as that date is several weeks after this order was dated and filed. The trial court likely intended to refer to Rhone's November 9 motion, which raised his argument about the jury instructions containing an uncharged alternative means. During the December 15 hearing in which the court announced its conclusions on Rhone's motions, the court stated that it would transfer both the jury instruction issue and the *Batson* issue to this court as a single PRP.

ANALYSIS

I. PRP PRINCIPLES

Under RCW 10.73.090(1), a petitioner generally must file a PRP within one year after a judgment becomes final. The one year time limit may be avoided if the judgment and sentence is invalid on its face or was entered by a court without competent jurisdiction. RCW 10.73.090(1); *In re Pers. Restraint of Weber*, 175 Wn.2d 247, 255, 284 P.3d 734 (2012). The time limit also does not apply if the petition is based *solely* on one or more of the statutory exceptions to the time limit listed in RCW 10.73.100. *In re Pers. Restraint of Thomas*, 180 Wn.2d 951, 953, 330 P.3d 158 (2014).

If an untimely petition is "mixed" in that it raises both untimely claims and claims that are exempt from the time bar under RCW 10.73.100, then the entire petition must be dismissed. *Id.* at 952-53. However, with a mixed petition, we will address challenges to the court's jurisdiction or to the facial validity of the judgment and sentence. *In re Pers. Restraint of Stenson*, 150 Wn.2d 207, 220, 76 P.3d 241 (2003).

II. RHONE'S ATTEMPT TO DIRECTLY APPEAL: JURY INSTRUCTION ON AN UNCHARGED ALTERNATIVE MEANS

Rhone argues, in what he characterizes as a direct appeal, that he was denied his due process right to be informed of the charges against him because the jury instructions permitted conviction on an alternate means for first degree robbery that was not included in the information. We consider this claim as part of Rhone's PRP, and hold that this claim is time-barred.

7

A.      We Consider This Claim as Part of Rhone's PRP

The general rule is that a defendant cannot raise issues in a second appeal that were or could have been raised on the first appeal.  *State v. Mandanas*, 163 Wn. App. 712, 716, 262 P.3d 522 (2011).  This rule applies even with "'issues of constitutional import.'"  *Id.* at 717 (quoting *State v. Sauve*, 100 Wn.2d 84, 87, 666 P.2d 894 (1983)).  Although the issue of whether the jury was instructed on an uncharged offense was not raised in his earlier appeal, Rhone nevertheless asks us to review the issue as a second appeal, rather than a PRP, citing RAP 2.5(c)(1).

RAP 2.5(c)(1) provides that if a trial court decision "is otherwise properly before the appellate court, the appellate court may at the instance of a party review and determine the propriety of a decision of the trial court even though a similar decision was not disputed in an earlier review of the same case."  This rule "'does not revive automatically every issue or decision which was not raised in an earlier appeal.  Only if the trial court, on remand, exercised its independent judgment, reviewed and ruled again on such issue does it become an appealable question.'"  *State v. Wheeler*, 183 Wn.2d 71, 78, 349 P.3d 820 (2015) (quoting *State v. Barberio*, 121 Wn.2d 48, 50, 846 P.2d 519 (1993)).  Thus, we may review Rhone's issue regarding uncharged alternative means in the jury instructions as an appeal only if the trial court exercised independent judgment and ruled on the issue below.  We conclude that here, the trial court did not do so and this issue must instead be treated as part of Rhone's PRP.

Rhone's notice of appeal references only the new judgment and sentence entered on November 17, 2017.  This judgment and sentence simply carried out the mandate of our 2016 remand.  The trial court vacated Rhone's convictions for drug and firearm possession but retained

8

his convictions for first degree robbery and bail jumping. Because Rhone appeals the trial court's

order amending his judgment and sentence, the scope of his appeal is limited to whether the court

erred when entering that corrected judgment and sentence; it cannot serve as a vehicle for unlimited

challenge to his remaining convictions.

Rhone offers the conclusory statement that the trial court exercised its discretion in denying

his motion. Although an appeal from a final judgment brings up for review a trial court's rulings

on a motion for a new trial under RAP 7.5 and RAP 2.4(f), the trial court did not rule on the merits

of Rhone's November 9, 2017 motion for new trial. Rather, the trial court stated verbally that it

determined it did not have the authority to grant Rhone's motion for new trial and motion to vacate,

and instead would transfer them to this court as a PRP.[2] This was not a discretionary determination

on the merits, but a conclusion that the court lacked authority to consider the issues raised in the

motions.

Because the trial court declined to reach the merits of his motion, the trial court's transfer

did not create an appealable question that we can consider as a direct appeal. *Wheeler*, 183 Wn.2d

at 78. Because the trial court properly transferred Rhone's motion for new trial to this court as a

PRP, we next consider whether Rhone's claim that his jury instructions included an uncharged

alternative means is time-barred.

---

[2] Rhone's CrR 7.8 motion to vacate judgment raised only the *Batson* issue. "CrR 7.8(b) and RAP 16.4(d) provide that postjudgment motions . . . are subject to RCW 10.73.090 and RCW 10.73.100." *Wheeler*, 183 Wn.2d at 79. The trial court correctly applied RCW 10.73.090 and RCW 10.73.100 to this motion and transferred it to our court as well.

B.       Rhone's Judgment and Sentence is Valid on Its Face

The one year time bar for bringing a PRP can be avoided if the judgment and sentence is invalid on its face. *Weber*, 175 Wn.2d at 255; RCW 10.73.090(1). Rhone argues this claim is not subject to the time bar because the discrepancy between the information and the jury instructions rendered his judgment and sentence invalid on its face.

An error renders a judgment invalid under RCW 10.73.090 "only where a court has in fact exceeded its statutory authority in entering the judgment and sentence." *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 135, 267 P.3d 324 (2011). "[PRPs] based upon most claimed errors made at trial by the judge such as jury instructions and rulings on evidence and motions, must be brought within the one-year time limit prescribed by RCW 10.73.090. . . . The exception for facially invalid judgments and sentences may not be used to circumvent the one-year time bar to [PRPs] relating to fair trial claims." *Id.* at 140-41. That exception does not apply to "trial rulings, motions, or jury instructions when they reflect on fair trial issues and not the validity of the judgment and sentence." *Id.* (footnote omitted).

As a result, when we evaluate the facial validity of a judgment and sentence, our consideration of documents other than the judgment and sentence is limited. We consider "only documents that reveal some fact that shows the judgment and sentence is invalid on its face because of legal error." *Id.* at 138-39. The documents consulted must be ones "that bear on the trial court's authority to impose a valid judgment and sentence," rather than documents, such as jury instructions, "'that relate to whether the defendant received a fair trial.'" *In re Pers. Restraint of Carrier*, 173 Wn.2d 791, 800, 272 P.3d 209 (2012) (quoting *Coats*, 173 Wn.2d at 140). Rhone

10

has not provided, and we have not located, any Washington case where an appellate court has consulted jury instructions in determining facial invalidity.[3]

Accordingly, Rhone's jury instructions are not properly part of our review of his judgment and sentence "on its face." *Id*. The defect that Rhone alleges in his conviction is that, because the jury instructions listed an alternative means that differed from those listed in the information, Rhone may not have been put on notice of the alternative means for his robbery charge that would be presented to the jury at trial. This assertion speaks to fair trial issues, rather than issues relating to the trial court's authority.

Rhone analogizes his case to *In re Personal Restraint of Hinton*, 152 Wn.2d 853, 100 P.3d 801 (2004) and *In re Personal Restraint of Thompson*, 141 Wn.2d 712, 10 P.3d 380 (2000), but these cases do not help him. The *Hinton* court held that where a defendant is convicted of a nonexistent crime, the judgment and sentence is invalid on its face. 152 Wn.2d at 857. *Thompson* similarly held that the defendant's conviction was invalid on its face because he had pleaded guilty to a crime that was not created until after he committed the act for which he was convicted. 141 Wn.2d at 725. Unlike those cases, on the face of the information, the judgment and sentence, and the jury verdict forms, Rhone was charged with and convicted of the valid crime of first degree robbery.

---

[3] We note that our Supreme Court has not definitively held that jury instructions can never be consulted. *See In re Pers. Restraint of Scott*, 173 Wn.2d 911, 917, 922, 271 P.3d 218 (2012) (lead opinion of Chambers, J.; concurring opinion of Stephens, J.) (disagreeing on whether jury instructions may ever be consulted). However, the majority of the Supreme Court has not endorsed consulting jury instructions as part of the facial invalidity analysis.

Rhone has not alleged an error that bears on the trial court's authority to impose a valid judgment and sentence, and at the PRP stage we decline to consider jury instructions. We therefore hold that Rhone's judgment and sentence is facially valid, and so this claim is time-barred under RCW 10.73.090.[4]

C.       The Mixed Petition Rule Applies to Bar Rhone's Remaining Claims

If a PRP claiming multiple grounds for relief is filed after the one year period for bringing a PRP, and we determine that at least one of the claims is time-barred, the entire petition must be dismissed. *In re Pers. Restraint of Hankerson*, 149 Wn.2d 695, 702, 72 P.3d 703 (2003). Only those claims that satisfy the conditions of RCW 10.73.090, namely claims that challenge the facial validity of the judgment and sentence or the jurisdiction of the court may be addressed when we are presented with a mixed petition. *Stenson*, 150 Wn.2d at 220.

Rhone's second claim is that recent Washington cases applying *Batson* constitute a significant change in the law that should be applied retroactively to his case. Rhone's petition thus presents both a facial invalidity claim under RCW 10.73.090, which we have determined is time-

---

[4] To be entitled to relief on a PRP, a petitioner must establish by a preponderance of the evidence that there has been a constitutional error that results in actual and substantial prejudice or that there has been a nonconstitutional error involving a fundamental defect that inherently results in a complete miscarriage of justice. *In re Pers. Restraint of Dove*, 196 Wn. App. 148, 154, 381 P.3d 1280 (2016), *review denied*, 188 Wn.2d 1008 (2017). Even if Rhone could avoid the time bar by establishing facial invalidity, he cannot show actual and substantial prejudice. The jury made a specific finding that Rhone was armed with a firearm during the commission of the robbery, and we did not invalidate this special verdict in Rhone's earlier appeal. *Rhone* III, slip op. at *5. The jury therefore found the fact necessary to support the charged means of being armed with a firearm. *See In re Pers. Restraint of Brockie*, 178 Wn.2d 532, 539-40, 309 P.3d 498 (2013).

barred, and a challenge based on one of the exceptions to RCW 10.73.100. His petition is therefore mixed. *Id.*

We accordingly do not address Rhone's remaining claims related to his *Batson* challenge. *Id.* For the same reason, we also do not address Rhone's arguments related to the imposition of legal financial obligations. Nor do we consider his statement of additional grounds because RAP 10.10(a) permits a defendant to file a pro se statement of additional grounds only in cases on direct review.

In sum, we treat Rhone's direct appeal as part of his PRP and dismiss his petition as time-barred and mixed.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Glasgow, J.

We concur:

_____
Melnick, P.J.

_____
Fearing, J.