IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| STATE OF WASHINGTON, | No. 86921-3-I |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| JOEL WHITE, | |
| Appellant. | |

BOWMAN, A.C.J. — Joel White appeals the order denying his postconviction motion to withdraw his 2013 guilty plea as involuntary under CrR 7.8(b). He argues the superior court erred by failing to either set a hearing or transfer his motion to this court as a personal restraint petition (PRP) under CrR 7.8(c). We convert White's appeal to a PRP and dismiss his petition as untimely and successive.

FACTS

In 2013, White pleaded guilty to first degree theft, second degree burglary, unlawful imprisonment, and third degree assault under King County Superior Court Cause Numbers 12-1-02599-8 KNT and 12-1-02272-7 KNT.[1] On July 12, 2013, the court sentenced him to consecutive sentences, totaling 360 months in prison. White did not appeal.

On February 27, 2024, White moved to withdraw his guilty plea, arguing it was involuntary because his lawyer mistakenly told him the plea was necessary

_____

[1] No. 12-1-02272-7 KNT is not at issue in this appeal.

to avoid a life sentence as a persistent offender. The trial court did not address timeliness, set a factual hearing, or transfer his motion to us as a PRP. Instead, the court summarily denied White's motion.

White appeals.

## ANALYSIS

White argues the trial court erred by failing to address his motion to withdraw his plea using the required procedure under CrR 7.8(c). The State concedes error but argues that we should convert White's appeal to a PRP and dismiss it as untimely and successive. We agree with the State.

Under CrR 7.8(c)(2), the superior court must transfer a collateral attack on a judgment and sentence to the Court of Appeals for consideration as a PRP unless the trial court determines that the motion is timely and either the defendant makes a substantial showing that he is entitled to relief or resolution of the matter requires a factual hearing. Here, the trial court failed to follow this procedure. Instead, it summarily denied White's motion to withdraw his plea. This was error.

Still, when the superior court improperly rules on a CrR 7.8 motion, we may convert an appeal from that ruling to a PRP and address its merits in the interest of judicial economy. *See State v.* Smith, 144 Wn. App. 860, 863-64, 184 P.3d 666 (2008).[2] We exercise our discretion to do so here.

---

[2] The court in *Smith* declined to use its discretion to convert the defendant's appeal to a PRP to avoid the collateral consequences that arise after a defendant files their first PRP. 144 Wn. App. at 864. Because White has already filed several PRPs under No. 12-1-02599-8 KNT, those collateral consequences are not at issue here.

Under RCW 10.73.090(1), "[n]o petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." A "collateral attack" is "any form of postconviction relief other than direct appeal." RCW 10.73.090(2).

White argues his collateral attack is timely because his involuntary guilty plea renders his judgment and sentence invalid on its face. But an alleged involuntary plea does not amount to an error of facial invalidity and cannot be raised in an untimely petition absent another exception to the time bar under RCW 10.73.100. *In re Pers. Restraint of Toledo-Sotelo*, 176 Wn.2d 759, 770, 297 P.3d 51 (2013); *see also State v. Wheeler*, 183 Wn.2d 71, 80, 349 P.3d 820 (2015) ("An untimely [PRP] is simply not a vehicle for an untimely motion to withdraw a guilty plea."). But White has not shown that an exception to the time bar applies here, so his PRP is untimely.

White's PRP is also barred as successive. When an individual has previously filed a PRP collaterally attacking the same judgment and sentence, we "will not consider the petition unless the person certifies that he or she has not filed a previous petition on similar grounds, and shows good cause why the petitioner did not raise the new grounds in the previous petition." RCW 10.73.140; *see also* RAP 16.4(d) ("[n]o more than one petition for similar relief on behalf of the same petitioner will be entertained without good cause shown").

On March 19, 2019, White filed PRP No. 79773-5-I, collaterally attacking his guilty plea as involuntarily—the same grounds he alleges here. Five months

3

later, we dismissed that petition as untimely. Ord. of Dismissal, *In re Pers. Restraint of White*, No. 79773-5-I (Wash. Ct. App. Aug. 29, 2019). In the dismissal order, we noted:

> White does not deny that he signed a written plea statement or that he expressly stipulated to an exceptional sentence to avoid a sentence of life without the possibility of parole if convicted of the original charges. White's conclusory allegations that the State and his defense counsel deliberately misinformed and coerced him into accepting the plea, without more, is not sufficient to justify relief.

*Id.* at 3[3] (citing *In re Pers. Restraint of Rice*, 118 Wn.2d 876, 886, 828 P.2d 1086 (1992)).[4] As a result, White's current PRP is successive.

We dismiss White's PRP as both untimely and successive.

_____, ACJ

WE CONCUR:

_____
Coburn, J.

_____

---

[3] Footnote omitted.

[4] White has since filed several other collateral attacks on his judgment and sentence, including PRP No. 84967-1-I, filed February 10, 2023, and dismissed as untimely. Ord. of Dismissal, *In re Pers. Restraint of White*, No. 84967-1-I (Wash. Ct. App. May 24. 2023). Our Supreme Court denied White's motion for discretionary review of our dismissal order on June 6, 2023.