# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  48229-1-II |
| Respondent, | |
| v. | |
| JAMEZ EDWARD BROWN, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, P.J. — Jamez Edward Brown appeals his conviction for first degree robbery and his sentence for third degree assault.  Brown argues, and the State concedes, that the trial court erred by instructing the jury on an uncharged alternative means of committing the crime of first degree robbery and by exceeding its sentencing authority when it imposed a sentence beyond the statutory maximum for third degree assault.[1]  We accept the State's concessions and reverse Brown's conviction for first degree robbery and remand for a new trial on that charge, and we remand for resentencing or amendment of the community custody term on Brown's third degree assault conviction.

---

[1] Brown also argues that the trial court erred by failing to instruct the jury on each element of first degree robbery and in not taking the first degree robbery charge from the jury for lack of a sufficient information, and Brown argues that his trial counsel was ineffective by failing to object to the court's jury instructions on an uncharged alternative means of committing first degree robbery and for proposing a first degree robbery instruction that omitted an essential element of the offense.  Because the State properly concedes that the trial court erred by instructing the jury on an uncharged alternative means and by exceeding its sentencing authority, we do not consider Brown's additional arguments.

FACTS

On February 24, 2015, a Macy's sales associate saw a man, later identified as Jamez Edward Brown, run out of the store with an armful of unpaid merchandise. A bystander watched Brown run out of the store and confronted him in the parking lot. The bystander told Brown to return the unpaid merchandise, but Brown refused and pointed what appeared to be a handgun at the bystander. Brown left the Macy's parking lot, and he was later apprehended by police. While in police custody, Brown spit on an officer's face.

The State charged Brown with first degree robbery,[2] charging only the alternative means of "unlawfully tak[ing] personal property from a person, against such person's will." Clerk's Papers (CP) at 45. Brown was also charged with third degree assault.[3]

At trial, witnesses testified to the above facts. The jury instructions stated: "A person commits the crime of robbery when he or she unlawfully . . . takes personal property from the person *or in the presence of another* against that person's will by the use or threatened use of immediate force." CP at 102 (emphasis added). The trial court also provided the jury with the following first degree robbery to-convict instruction:

> To convict the defendant of the crime of robbery in the first degree . . . each of the following six elements must be proved beyond a reasonable doubt:
> (1) That on or about February 24, 2015, the defendant unlawfully took personal property from the person *or in the presence of another*.

---

[2] RCW 9A.56.200(1)(a)(ii).

[3] RCW 9A.36.031(1)(g). In addition, Brown was charged with one count of attempting to elude a pursuing police vehicle, with special allegations, and one count of third degree assault. The jury found Brown guilty of attempting to elude a pursuing police vehicle and not guilty of the additional third degree assault count, but neither charge is at issue in this appeal.

No. 48229-1-II

CP at 107 (emphasis added).

The jury returned verdicts finding Brown guilty of first degree robbery and third degree assault. In addition to sentencing Brown to 160 months' incarceration for first degree robbery, the court sentenced Brown to 60 months' incarceration plus 12 months of community custody for the third degree assault charge. Brown appeals his first degree robbery conviction and his third degree assault sentence. The State concedes error on both points.

ANALYSIS

I. JURY INSTRUCTIONS

Brown argues, and the State concedes, that the trial court erred by instructing the jury on an uncharged alternative means of committing first degree robbery. We accept the State's concession, reverse Brown's first degree robbery conviction, and remand for a new trial.

The State is required to inform an accused of the criminal charges to be met at trial, and the State cannot try an accused for an uncharged crime. *State v. Lindsey*, 177 Wn. App. 233, 246-47, 311 P.3d 61 (2013). When the State charges an accused with committing one of several alternative means to a single crime, a trial court errs by instructing the jury that it may consider any uncharged means by which the accused could have committed that crime. *State v. Bray*, 52 Wn. App. 30, 34, 756 P.2d 1332 (1988). Instructing a jury on an uncharged alternative means violates the defendant's right to be informed of the charges against him. *State v. Laramie*, 141 Wn. App. 332, 343, 169 P.3d 859 (2007) (citing U.S. CONST. amend. VI; CONST. art. I, § 22). A jury instruction that contains uncharged alternative means is presumed prejudicial, and "it is the

3

State's burden to prove that the error was harmless." *In re Pers. Restraint of Brockie*, 178 Wn.2d 532, 536, 309 P.3d 498 (2013).

Here, the third amended information charged Brown with "unlawfully tak[ing] personal property from a person, against such person's will." CP at 45. The court's instruction to the jury provided that in order to find Brown guilty of first degree robbery, it must be proven beyond a reasonable doubt that Brown "unlawfully took personal property from the person *or in the presence of another*." CP at 107 (emphasis added).

The trial court instructed the jury that it could convict Brown of first degree robbery by the alternative means of unlawfully taking personal property in the presence of another. The trial court erred in instructing the jury that it could consider uncharged alternative means because the information charged Brown with one of two alternative means of committing first degree robbery. This instruction is presumed prejudicial, and the State concedes that this constitutes reversible error. We accept the State's concession, reverse Brown's first degree robbery conviction, and remand for a new trial.

## II. SENTENCING

Brown also contends the trial court erred by imposing a sentence for third degree assault that exceeded the statutory maximum. The State concedes error. We accept the State's concession, reverse Brown's sentence for third degree assault, and remand for resentencing or amendment of the community custody term.

A court's sentencing authority is limited to that granted by statute. *In re Postsentence Review of Combs*, 176 Wn. App. 112, 117, 308 P.3d 763 (2013). Whether a sentencing court has

exceeded its statutory authority is a question of law we review de novo. *State v. Mann*, 146 Wn. App. 349, 357, 189 P.3d 843 (2008). If a court exceeds its sentencing authority, it commits reversible error. *State v. Winborne*, 167 Wn. App. 320, 330, 273 P.3d 454 (2012).

Under RCW 9.94A.505, a court exceeds its sentencing authority if it imposes a sentence that exceeds the statutory maximum for the crime. Accordingly, a sentencing court is required to reduce a community custody term "whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum for the crime." RCW 9.94A.701(9).

Brown was sentenced to 60 months' incarceration and 12 months of community custody for third degree assault, a class C felony. RCW 9A.36.031(2). The maximum sentence authorized by statute for a class C felony is 60 months. RCW 9A.20.021(1)(c). As a result, the trial court was required to reduce Brown's 12 month community custody term so that his standard range term of confinement and term of community custody did not exceed 60 months. The trial court failed to do so. The State concedes Brown's sentence exceeded the statutory maximum for third degree assault. We accept the State's concession and remand for resentencing or amendment of the community custody term.

In conclusion, we reverse Brown's conviction for first degree robbery and remand for a new trial, and we also remand for resentencing or amendment of the community custody term regarding the third degree assault conviction.

No. 48229-1-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, P.J.

We concur:

_____
Lee, J.

_____
Sutton, J.