IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 37023-2-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | OPINION PUBLISHED |
| | ) | IN PART |
| ZACHARY P. BERGSTROM, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Zachary Bergstrom appeals his convictions for three counts of bail jumping and one count of escape from community custody. The argument he raises that we deem worthy of publishing is whether he was denied his due process right of having the jury instructed on every element of the three bail jumping charges. We hold that the pattern instruction given by the trial court failed to instruct the jury on every element of bail jumping, but the error was harmless beyond a reasonable doubt. In so holding, we decline to follow *State v. Hart*, 195 Wn. App. 449, 381 P.3d 142 (2016). In the unpublished portion of this opinion, we reverse Bergstrom's conviction on the January 12, 2018 bail jumping count due to ineffective assistance of counsel. We otherwise affirm.

FACTS

The State originally charged Zachary Bergstrom with one count of possession of a controlled substance. At Bergstrom's September 22, 2017 initial court appearance, the trial court set bail at $2,500, advised Bergstrom he was required to appear at all court dates, and set Bergstrom's arraignment for October 4, 2017. After his arraignment, Bergstrom secured a $2,500 surety bond and was released from jail.

*Three failures to appear (bail jumping)*

On November 3, 2017, the trial court entered a scheduling order, setting a pretrial conference for January 12, 2018, at 10:30 a.m. Bergstrom and his attorney signed the order, acknowledging their approval of the date and time. Bergstrom failed to appear at the pretrial conference. The trial court later issued a bench warrant for Bergstrom's arrest.

On February 28, 2018, the trial court entered a second scheduling order setting a pretrial conference for May 4, 2018. Bergstrom and his attorney signed the order, acknowledging their approval of the date and time.

On April 5, 2018, the trial court entered an order releasing Bergstrom on April 10 for a drug evaluation. The order also required Bergstrom to appear for drug court on April 11 at 3:00 p.m. and again on April 18 at 3:00 p.m. Bergstrom and his attorney

2

signed the order. Bergstrom failed to appear for drug court on April 18, and the drug court entered an order authorizing a bench warrant. Bergstrom also failed to appear for his May 4, 2018 pretrial conference. The trial court later issued a bench warrant.

*Escape from community custody*

While out of custody, Bergstrom was under community supervision and was required to regularly report in person to Officer Jeremy Wilson. Officer Wilson directed Bergstrom to report in person to him on April 17, 2018, and gave Bergstrom a card with the appointment date and time on the back. Bergstrom failed to report on that date, or any other dates, until he was arrested on other charges.

*Trial*

The State amended the original possession charge by adding three counts of bail jumping and one count of escape from community custody. At trial, the State called two deputy court clerks to substantiate the bail jumping charges. Through them, the State offered several certified court records to buttress their testimony that Bergstrom failed to appear in court as ordered on January 12, 2018, April 18, 2018, and May 4, 2018. The State also called Officer Wilson, who substantiated the escape from community custody charge.

Bergstrom testified on his own behalf. He did not deny he knew of the court dates he missed nor did he claim it was someone else's signature on the certified court records. Instead, he testified he failed to appear at the January 12, 2018 hearing because he was in a hospital at the time. According to Bergstrom, he contacted his bonding company while in the hospital and, a day or two later, he went to the bonding company with papers showing he had been in the hospital. Bergstrom testified that despite these papers, the bonding company surrendered him to the jail.

After both sides presented their cases, the trial court instructed the jury. Bergstrom did not object to any of the court's instructions. The jury returned a verdict of not guilty on the charge of possession of a controlled substance and guilty on all other charges. The trial court entered its judgment and sentence, and Bergstrom timely appealed.

## ANALYSIS

A.    DUE PROCESS CHALLENGE TO BAIL JUMPING TO-CONVICT INSTRUCTIONS

Bergstrom argues the trial court's three bail jumping to-convict instructions violated his right to due process because the instructions relieved the State of its burden to prove each element of the charges. We agree, but conclude the error was harmless beyond a reasonable doubt.

4

To understand Bergstrom's argument, we must compare the elements of bail jumping with the trial court's bail jumping to-convict instructions.

To convict a defendant of bail jumping, the State must prove beyond a reasonable doubt that the defendant (1) was held for, charged with, or convicted of a particular crime, (2) was released by court order or admitted to bail with the requirement of a subsequent personal appearance, and (3) knowingly failed to appear as required. *State v. Williams*, 162 Wn.2d 177, 183-84, 170 P.3d 30 (2007); RCW 9A.76.170(1).

Compare those elements with the three bail jumping to-convict instructions given by the trial court:

> (1)  That on or about January 12, 2018, the defendant failed to appear before a court;
> (2)  That the defendant was charged with possession of a controlled substance, a crime under RCW 69.50.4013(1), a class C felony;
> (3)  That the defendant had been admitted to bail with the knowledge of the requirement of a subsequent personal appearance before that court; and
> (4)  That any of these acts occurred in the State of Washington.

CP at 148 (Instruction 14).

> (1)  That on or about April 18, 2018, the defendant failed to appear before a court;
> (2)  That the defendant was charged with possession of a controlled substance, a crime under RCW 69.50.4013(1), a class C felony;
> (3)  That the defendant had been released by court order with knowledge of the requirement of a subsequent personal appearance before that court; and

5

(4)  That any of these acts occurred in the State of Washington.

CP at 150 (Instruction 16).

(1)  That on or about May 04, 2018, the defendant failed to appear before a court;
(2)  That the defendant was charged with Possession of a Controlled Substance, a crime under RCW 69.50.4013(1), a class C felony;
(3)  That the defendant had been released by court order with knowledge of the requirement of a subsequent personal appearance before that court; and
(4)  That any of these acts occurred in the State of Washington.

CP at 152 (Instruction 18).

The three instructions were patterned from *11A Washington Practice: Pattern Jury Instructions: Criminal* 120.41, at 570 (4th ed. 2016).

Bergstrom argues the bail jumping to-convict instructions relieved the State of its burden of proving he knowingly failed to appear as required.  He contends the instructions allowed him to be convicted even if he was not given notice of the specific court dates he allegedly missed.  The State argues that we should refuse to review this unpreserved claim of error.  We disagree.

Unpreserved claims of manifest error involving a constitutional right are reviewable.  RAP 2.5(a)(3).  Bergstrom raises such a claim.  First, Bergstrom's claim actually involves a constitutional right.  A trial court's failure to instruct the jury as to

every element of the crime charged violates due process. *State v. Aumick*, 126 Wn.2d 422, 429, 894 P.2d 1325 (1995).

Second, the claimed error is manifest. An error is manifest if there is actual prejudice—meaning a plausible showing by the appellant that the asserted error had practical and identifiable consequences at trial. *State v. Irby*, 187 Wn. App. 183, 193, 347 P.3d 1103 (2015). To determine whether this standard is met, "the appellate court must place itself in the shoes of the trial court to ascertain whether, given what the trial court knew at that time, the court could have corrected the error." *State v. O'Hara*, 167 Wn.2d 91, 100, 217 P.3d 756 (2009). "If the trial court could not have foreseen the potential error or the record on appeal does not contain sufficient facts to review the claim, the alleged error is not manifest." *State v. Davis*, 175 Wn.2d 287, 344, 290 P.3d 43 (2012). Here, if the to-convict instructions given did not require the State to prove that Bergstrom knowingly failed to appear as required, the trial court reasonably should have known the instructions were erroneous and could have corrected the error by giving appropriate to-convict instructions.

A review of the bail jumping to-convict instructions makes it apparent the instructions did not require the State to prove that Bergstrom knowingly failed to appear as required. The first element in the to-convict instruction required the State to prove that

Bergstrom failed to appear on the dates alleged in the particular counts. But no element in the to-convict instruction required the State to prove Bergstrom *knew* he was required to appear on the dates alleged in the particular counts. The knowledge element in RCW 9A.76.170(1) requires the State to prove that the defendant was given notice of the required court dates. *Williams*, 162 Wn.2d at 184; *see also State v. Fredrick*, 123 Wn. App. 347, 353, 97 P.3d 47 (2004); *State v. Carver*, 122 Wn. App. 300, 306, 93 P.3d 947 (2004).

The State urges us to follow *Hart*, 195 Wn. App. 449. There, Division Two of this court held that an instruction similar to the one given here correctly stated the law. Division Two concluded that the third part of the instruction, "'knowledge *of the requirement* of a subsequent personal appearance before the court,'" was sufficient. *Id.* at 456 (second emphasis added). We disagree. *A* subsequent court appearance means "any" subsequent court appearance. That is, a defendant could receive notice to appear on May 10—*a* subsequent court appearance. If the defendant failed to appear on May 17, a date he did not know he had to appear, he could nevertheless be convicted because he received notice to appear on May 10.

No. 37023-2-III
*State v. Bergstrom*

Because the to-convict instructions did not require the State to prove an element of bail jumping—that Bergstrom knowingly failed to appear as required—we conclude the trial court violated Bergstrom's right to due process.[1]

However, jury instructions that omit an element of the crime charged are subject to harmless error analysis. *State v. Brown*, 147 Wn.2d 330, 341, 58 P.3d 889 (2002). An instruction that omits an element is harmless error if, beyond a reasonable doubt, the error did not contribute to the verdict. *Id.* For instance, if the omitted element is supported by uncontroverted evidence, the error is harmless. *Id.*

Here, the uncontroverted evidence established that Bergstrom received notice he was required to attend court on January 12, 2018, April 18, 2018, and May 4, 2018. We conclude the trial court's instructional errors were harmless beyond a reasonable doubt.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder, having no precedential value, shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

---

[1] Our concurring colleague says this reading is strained. But it is what the instructions literally say. Trial courts, rather than resorting to the pattern instruction that the jury may misunderstand, should instruct the jury using the elements as set forth in *Williams*, 162 Wn.2d at 183-84. Trial courts should add the charged date after the third *Williams* element and include the jurisdictional element as the fourth element.

B.	UNCHARGED ALTERNATIVE MEANS

Bergstrom claims the trial court violated his constitutional right to notice of charges against him by instructing the jury on an alternative means of committing escape from community custody, which was not charged in the information.[2]

The Washington Constitution guarantees a defendant the right to be given notice of the charges against him. WASH. CONST. art. I, § 22. To that end, when a statute provides multiple alternate means of committing a specific crime, the defendant has the right to have notice of the means of committing the offense the State is accusing him of. *In re Pers. Restraint of Brockie*, 178 Wn.2d 532, 536, 309 P.3d 498 (2013). We conclude Bergstrom waived this argument by failing to object below.

An appellate court may refuse to review any claim of error that was not raised in the trial court. RAP 2.5(a). This rule encourages parties to make timely objections, gives

---

[2] RCW 72.09.310 provides in relevant part:
    An inmate in community custody who willfully discontinues making himself or herself available to the department for supervision *by making his or her whereabouts unknown* or *by failing to maintain contact with the department as directed by the community corrections officer* shall be deemed an escapee and fugitive from justice . . . .
(Emphasis added.) Here, the State charged Bergstrom with escape from community custody by alleging he "willfully discontinue[d] making himself . . . available to the department for supervision by making his . . . whereabouts unknown." CP at 131. But the trial court instructed the jury a person is guilty of escape if he "fail[ed] to maintain contact with the department as directed by the community corrections officer." CP at 156.

the trial judge an opportunity to address an issue before it becomes an error on appeal, and promotes the important policies of economy and finality. *O'Hara*, 167 Wn.2d at 98.

As noted above, some unpreserved claims of error may be reviewed, such as a claim of "manifest error affecting a constitutional right." RAP 2.5(a)(3). "Manifest," within the meaning of this rule, requires a showing of actual prejudice. *O'Hara*, 167 Wn.2d at 99. To demonstrate actual prejudice, the appellant must make a plausible showing that the asserted error had practical and identifiable consequences in the trial of the case. *Id.* In determining whether the error was identifiable, the trial record must be sufficient to determine the merits of the claim. *Id.* In addition, the appellant must establish the error was reasonably obvious to the trial court, given what it knew at the time. *Id.* at 100; *State v. Kalebaugh*, 183 Wn.2d 578, 588, 355 P.3d 253 (2015) (Gonzalez, J., concurring).

Here, Bergstrom fails to argue that this claim is one of manifest error. We do not think it is. Both parties disagree whether escape from community custody is an alternative means crime and acknowledge the question has yet to be answered in our appellate courts. We decline to review the claim of error because the error, if any, certainly was not reasonably obvious to the trial court.

11

C.        INSUFFICIENT EVIDENCE

Bergstrom contends the evidence was insufficient to sustain the convictions on the three counts of bail jumping.  He argues his signature on the court records, showing he had personal knowledge of the hearing dates, was unauthenticated and should not have been admitted.  He argues that because this was the only evidence he had personal knowledge, the evidence was insufficient.  We disagree.

When reviewing a challenge to sufficiency of the evidence, this court looks at whether, in the light most favorable to the State, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt.  *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).  All reasonable inferences must be drawn in favor of the State and interpreted strongly against the defendant.  *Id.*  Necessarily, an allegation of insufficient evidence admits the truth of the State's evidence and all inferences that can be drawn from said evidence.  *Id.*

Certified court records are admissible.  RCW 5.44.010.[3]  Here, the pertinent certified court records bore signatures above the line labeled defendant's signature and above the line labeled attorney for defendant.  A rational trier of fact could have found

_____

[3] Former RCW 5.44.010 (1997) provides: "The records and proceedings of any court of the United States, or any state or territory, shall be admissible in evidence in all cases in this state when duly certified . . . ."

that the defendant actually signed these records and, thus, had notice of the court dates. First, Bergstrom did not deny these documents bore his signature. Second, if an imposter signed the documents, defense counsel would not have also signed them. We conclude substantial evidence supports Bergstrom's three bail jumping convictions.

D.    INEFFECTIVE ASSISTANCE OF COUNSEL

Bergstrom contends his defense counsel was ineffective for not objecting to the certified court records and for not proposing an affirmative defense to bail jumping. We disagree in part.

This court reviews claims of ineffective assistance of counsel de novo. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). For claims of ineffective assistance, a defendant must show both deficient performance from defense counsel and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To show defense counsel's performance was deficient, the defendant must show it fell below the objective standard of reasonableness. *State v. Stenson*, 132 Wn.2d 668, 705, 940 P.2d 1239 (1997). To show prejudice, the defendant must show there is a reasonable probability counsel's deficient performance affected the outcome of the proceedings. *State v. Jones*, 183 Wn.2d 327, 339, 352 P.3d 776 (2015). A reasonable probability "'is a probability sufficient to undermine confidence in the outcome.'"

13

*State v. Crawford*, 159 Wn.2d 86, 100, 147 P.3d 1288 (2006) (quoting *Strickland*, 466 U.S. at 694).

Defense counsel did not perform deficiently by failing to object to the certified court records. As noted above, these documents were admissible.

But we do agree that defense counsel performed deficiently by failing to offer a jury instruction on the affirmative defense to bail jumping. RCW 9A.76.170(2) provides defendants with an affirmative defense to bail jumping in the event "uncontrollable circumstances prevented the person from appearing or surrendering . . . [and] the person appeared or surrendered as soon as such circumstances ceased to exist." Here, Bergstrom testified he was in the hospital on January 12, 2018, and he stayed with a friend after he was discharged because he still was very ill. He testified he met with the bond company a day or two after being discharged to show documentary proof he was in the hospital, and the bonding company surrendered him to the jail. This testimony, if believed, warranted an instruction on the affirmative defense.

Counsel's deficient performance was prejudicial. His failure to request an instruction on the available defense undermines our confidence in the verdict on this count of bail jumping. First, the State did not offer any evidence to dispute Bergstrom's claim he was in the hospital on January 12, 2018. Second, the jury presumably found

14

No. 37023-2-III
*State v. Bergstrom*

Bergstrom credible because it found him not guilty on the original charge of possession of

a controlled substance.  We, therefore, reverse Bergstrom's conviction on this bail

jumping count.

Remand for resentencing.

_____
Lawrence-Berrey, J.

I CONCUR:

_____
Siddoway, J.

15

No. 37023-2-III

KORSMO, A.C.J. (concurring) — Although I agree with the result of the majority opinion, I do not agree with its reasoning concerning the bail jump instruction or with its criticism of *State v. Hart*, 195 Wn. App. 449, 381 P.3d 142 (2016).[1] The pattern elements instruction for bail jumping correctly reflects the statute, even if the elements are stated in a different order, and *Hart* faithfully does so. There is no problem here, but merely a disagreement about the placement of the "knowledge" modifier.

*Hart* is the simplest point, so I will start there. The majority criticizes *Hart* for stating one of the elements as "knowledge *of the requirement* of *a* subsequent personal appearance." Majority at 8 (quoting *Hart*, 195 Wn. App. at 456 (second emphasis added). That quote is a faithful recitation of the opening line of RCW 9A.76.170(1): "Any person having been released by court order or admitted to bail with knowledge of the requirement of a subsequent court appearance . . . ." If the majority has a problem with that line, it should take it up with the legislature. Division Two of this court did not err.

---

[1] I also note that appellant's alternative means argument on the escape from community custody charge is without merit. The majority prudently finds that the issue is not manifest error, but I would go further. RCW 72.09.310 establishes a single crime of escape by one who "willfully discontinues making himself or herself available to the department for supervision." It then defines that offense as including both those who never report to the department and those who begin and then fail to maintain contact. Appellant's argument simply repeats the discredited approach of treating the definitions of a crime as overriding the legislature's description of the offense. There is only one means of committing escape from community custody. *See State v. Barboza-Cortes*, 194 Wn.2d 639, 451 P.3d 707 (2019); *State v. Sandholm*, 184 Wn.2d 726, 364 P.3d 87 (2015).

Prior to the amendment in 2001, the bail jumping statute had required proof that one "knowingly fails to appear as required." Former 9A.76.170(1) (1983). The amendment changed the knowledge requirement to specify instead proof of "knowledge of the requirement of a subsequent appearance before any court of this state . . . ." LAWS OF 2001, ch. 264, § 3. In other words, the amendment changed the element to reflect proof of knowledge of the need to appear instead of establishing the mindset behind the failure to appear.[2]

The pattern instruction properly sets out these commands, as illustrated by the relevant elements of the instruction used in this case:

(1)    That on or about January 12, 2018, the defendant failed to appear before a court;

. . . .

(2)    That the defendant had been admitted to bail with knowledge of the requirement of a subsequent personal appearance before that court;

Clerk's Papers at 148 (Instruction 14).

Mr. Bergstrom contends that the instruction was deficient in divorcing the date of the offense from the knowledge of appearance before the court element, arguing that he could be convicted of a crime just because he knew that he had some court appearance on some future day. His reading is strained. In context, the instruction properly told the jury

---

[2] As explained in an earlier Division Two opinion, the change eliminated the "I forgot" defense. *State v. Carver*, 122 Wn. App. 300, 306, 93 P.3d 947 (2004).

that defendant committed the crime on January 12, 2018, when he failed to appear in court with knowledge of the requirement to appear. The third element perhaps could be clarified, maybe by again inserting the violation date, or by restating the element as "knowledge of the requirement to appear before the court." While such changes would eliminate Mr. Bergstrom's argument, they are not necessary.

The pattern instruction sufficiently conveys the elements of the offense in the statutory language. It is correct. Accordingly, I join in the judgment of the court.

Korsmo, A.C.J.

3