# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

Respondent,

v.

YEVGENIY PAVLOVICH LANOVENKO,

Appellant.

DIVISION ONE

No. 80419-7-I

UNPUBLISHED OPINION

DWYER, J. — Yevgeniy Lanovenko appeals from the judgment entered on a jury's verdict finding him guilty of felony driving under the influence. He contends that an inexact jury instruction denied him due process, and that the exclusion of evidence of a specific equipment recall denied him the opportunity to present a defense. We affirm.

I

Early in the morning of November 18, 2018, Bellevue Police officers responding to a report of a drunk driver discovered Yevgeniy Lanovenko in the driver's seat of his parked truck. Lanovenko's eyes appeared watery, his pupils were dilated, and he smelled of alcohol. A woman in the passenger seat was holding a carton of wine. Officer Melia Thompson asked Lanovenko if he had been drinking and he stated that he had not. Lanovenko then declined to take

field sobriety tests.  Officer Thompson arrested Lanovenko, and subsequently obtained a warrant for a blood draw.

At 6:45 that morning, at Overlake Medical Center, Lanovenko's blood was drawn and placed into collection vials, certified by B.D. Diagnostics.  The resulting test indicated that Lanovenko's blood alcohol content was .23 grams per 100 milliliters.  Lanovenko was initially charged with felony DUI[1] and violation of an ignition interlock restriction.[2]  Lanovenko was charged with felony DUI under the "affected by" clause set forth in RCW 46.61.502(1)(c):

> [T]he defendant YEVGENIY PAVLOVICH LANOVENKO in King County, Washington, on or about November 18, 2018, drove a vehicle within this state while under the influence of or affected by

---

[1] (1) A person is guilty of driving while under the influence of intoxicating liquor, marijuana, or any drug if the person drives a vehicle within this state:

(a) And the person has, within two hours after driving, an alcohol concentration of 0.08 or higher as shown by analysis of the person's breath or blood made under RCW 46.61.506; or

(b) The person has, within two hours after driving, a THC concentration of 5.00 or higher as shown by analysis of the person's blood made under RCW 46.61.506; or

(c) While the person is under the influence of or affected by intoxicating liquor, marijuana, or any drug; or

(d) While the person is under the combined influence of or affected by intoxicating liquor, marijuana, and any drug.

. . . .

(6) It is a class B felony punishable under chapter 9.94A RCW, or chapter 13.40 RCW if the person is a juvenile, if:

(a) The person has three or more prior offenses within ten years as defined in RCW 46.61.5055; or

(b) The person has ever previously been convicted of:

(i) Vehicular homicide while under the influence of intoxicating liquor or any drug, RCW 46.61.520(1)(a);

(ii) Vehicular assault while under the influence of intoxicating liquor or any drug, RCW 46.61.522(1)(b);

(iii) An out-of-state offense comparable to the offense specified in (b)(i) or (ii) of this subsection; or

(iv) A violation of this subsection (6) or RCW 46.61.504(6).

RCW 46.61.502.

[2] (2) It is a gross misdemeanor for a person with [an ignition interlock restriction] notation on his or her driving record to operate a motor vehicle that is not so equipped, unless the notation resulted from a restriction imposed as a condition of release and the restriction has been released by the court prior to driving.

RCW 46.20.740.

intoxicating liquor or any drug; having at least three prior offenses within ten years of the arrest for the current offense, as defined under RCW 46.61.5055(14).

The charges were subsequently amended, and Lanovenko was instead charged with felony DUI under the "per se" clause set forth in 46.61.502(1)(a):

[T]he defendant Yevgeniy Pavlovich Lanovenko in King County, Washington, on or about November 18, 2018, drove a vehicle within this state and while driving had an amount of alcohol in his/her body sufficient to cause a measurement of his/her blood to register 0.08 percent or more by weight of alcohol within two hours after driving, as shown by analysis of the person's blood; having at least three prior offenses within ten years of the arrest for the current offense, as defined under RCW 46.61.5055(14).

The amended information set forth an additional allegation that Lanovenko's blood alcohol concentration was .15 percent or more by weight, within two hours of driving. The amended information also charged Lanovenko with violation of an ignition interlock restriction and reckless driving.[3] Later, the count charging a violation of an ignition interlock restriction was severed for trial.

Prior to trial, Lanovenko sought to introduce evidence of a recent recall of test vials produced by B.D. Diagnostics. The vials in which Lanovenko's blood was collected and tested were not recalled. The trial court ruled that Lanovenko could cross-examine witnesses with regard to general problems with laboratory procedures, including equipment recalls, but that the defense could not inquire about the specific vial recall referenced in the defense request.

---

[3] Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving. RCW 46.61.500(1).

At trial, the prosecutor argued that Lanovenko was guilty of DUI under both the "affected by" and "per se" alternatives. The to-convict jury instruction allowed the jury to convict Lanovenko under either alternative.[4]

The jury convicted Lanovenko of felony driving under the influence and reckless driving and made a finding that Lanovenko's blood alcohol content was .15 percent or more within two hours of driving. Lanovenko appeals.

II

Lanovenko contends that he was denied due process because the to-convict jury instruction included an uncharged alternative means of committing driving under the influence. The State concedes the error but avers that it was harmless. We accept and agree with the State's concession and further agree that the error was harmless.

_____

[4] The jury was instructed:
> To convict the defendant of the crime of driving under the influence as charged in Count One, each of the following three elements of the crime must be proved beyond a reasonable doubt:
> (1) That on or about November 18, 2018 , the defendant drove a motor vehicle in the State of Washington;
> (2) That the defendant, at the time of driving a motor vehicle,
> (a) was under the influence of or affected by intoxicating liquor; or
> (b) had sufficient alcohol in his or her body to have an alcohol concentration of 0.08 or higher within two hours after driving as shown by an accurate and reliable test of the defendant's blood; and
> (3) That the defendant had three or more prior offenses within ten years.
> If you find from the evidence that elements (1), (3) and any of the alternative elements (2) (a) or (2) (b) have been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty as to Count One. To return a verdict of guilty, the jury need not be unanimous as to which of alternatives (2) (a) or (2) (b) has been proved beyond a reasonable doubt, as long as each juror finds that at least one alternative in paragraph (2) has been proved beyond a reasonable doubt.

Jury Instruction 11.

The State is required to inform a defendant of the nature and cause of the accusation of a criminal charge. U.S. CONST. amend. VI; CONST. art. I, § 22 (amend. 10); In re Pers. Restraint of Brockie, 178 Wn.2d 532, 536, 309 P.3d 498 (2013). Accordingly, instructing the jury on uncharged alternatives constitutes a manifest error affecting a constitutional right that we will address for the first time on appeal. State v. Sanchez, 14 Wn. App. 2d 261, 267, 471 P.3d 910 (2020).

"'When a statute sets forth alternative[s] . . . by which a crime can be committed, the charging document may charge none, one, or all of the alternatives, provided the alternatives charged are not repugnant to one another.'" State v. Chino, 117 Wn. App. 531, 539, 72 P.3d 256 (2003) (quoting State v. Williamson, 84 Wn. App. 37, 42, 924 P.2d 960 (1996)). However, when the information charges only one of the alternatives, the trial court errs by instructing the jury that it may consider other ways or means by which the crime could have been committed, regardless of the range of evidence admitted at trial. State v. Bray, 52 Wn. App. 30, 34, 756 P.2d 1332 (1988).

"An erroneous instruction given on behalf of the party in whose favor the verdict was returned is presumed prejudicial unless it affirmatively appears that the error was harmless." Bray, 52 Wn. App. at 34-35. Such an instruction may be deemed harmless when other instructions clearly and specifically limited the crime to the charged alternative. State v. Brewczynski, 173 Wn. App 541, 549, 294 P.3d 825 (2013) (citing State v. Severns, 13 Wn.2d 542, 549, 125 P.2d 659 (1942)). Thus, when the jury returns a special verdict that indicates that a defendant was necessarily convicted on the charged alternative, the instructional

error is harmless. See State v. Nicholas, 55 Wn. App. 261, 273, 776 P.2d 1385 (1989).

Here, the to-convict instruction wrongly submitted to the jury both the "affected by" and "per se" alternative means of committing driving under the influence. By doing so, the trial court erred. However, the jury also returned a special verdict that Lanovenko had a blood alcohol concentration of .15 or more within two hours of driving as shown by an accurate and reliable test of Lanovenko's blood. The jury was instructed that the State was required to prove this fact beyond a reasonable doubt. The jury could not have unanimously determined that Lanovenko's blood alcohol concentration was .15 or more if any juror was not convinced beyond a reasonable doubt that Lanovenko's blood alcohol concentration was at least .08. In light of this, there is no possibility that the jury impermissibly convicted Lanovenko on the basis of the "affected by" alternative wrongly set forth in the to-convict instruction. Thus, the error was harmless.

Lanovenko asserts that our opinion in Brewczynski, 173 Wn. App. at 550, compels a different result. Not so. Brewczynski was charged with burglary in the first degree. A person commits burglary in the first degree when he or she enters or remains unlawfully in a building with intent to commit a crime against a person or property therein and while entering, remaining, or leaving the building, he or she (a) is armed with a deadly weapon, or (b) assaults any person. RCW 9A.52.020(1). Brewczynski was charged by reference to the means set forth in RCW 9A.52.020(1)(a): armed with a deadly weapon. Brewczynski, 173 Wn. App.

at 548-49.  At trial, the jury was erroneously instructed on both alternatives: that to convict, it was required to find beyond a reasonable doubt that the defendant either was armed with a deadly weapon or assaulted a person.  Brewczynski, 173 Wn. App. at 548-49.  No other instruction limited the jury's consideration to the charged alternative.  Brewczynski, 173 Wn. App. at 549.[5]  Accordingly, it was possible that the jury convicted Brewczynski on the uncharged alternative *instead* of the charged alternative.

There is no such lack of clarity in the determinations of Lanovenko's jury.  Here, the special verdict finding eliminates such a possibility.

Because there is no possibility that Lanovenko was convicted on the uncharged alternative instead of the charged alternative, the erroneous to-convict instruction was harmless.

### III

Lanovenko next avers that the trial court violated his constitutional right to present a defense by excluding evidence that the manufacturer of the vials used to collect his blood—B.D. Diagnostics—had earlier recalled a batch of vials that did not contain the correct amount of anticoagulant and enzyme inhibitor.  We disagree.

Our Supreme Court has explained that a contention that an evidentiary ruling violated a defendant's constitutional right to present a defense is reviewed pursuant to a two-step process.  State v. Arndt, 194 Wn.2d 784, 797-98, 453

---

[5] Although the jury found by special verdict that Brewczynski was armed with a firearm during his commission of another count—premeditated first degree murder with aggravating circumstances—no such finding was made as to the count of burglary in the first degree. Brewczynski, 173 Wn. App. at 547.

P.3d 696 (2019). First, we review the challenged evidentiary rulings under an abuse of discretion standard. Then, if necessary, we review de novo whether such rulings violate a defendant's constitutional right to present a defense. See Arndt, 194 Wn.2d at 797-812.

A

Lanovenko asserts that the trial court abused its discretion by excluding evidence of the B.D. Diagnostics vial recall. He contends that the evidence was relevant to his challenge of the reliability of the certification used to establish the reliability of the test of his blood for blood alcohol content. We find no error.

A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds. State v. Salgado-Mendoza, 189 Wn.2d 420, 427, 403 P.3d 45 (2017).

ER 402 provides that evidence that is not relevant is not admissible. Relevant evidence is defined in ER 401 as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." ER 403; see State v. Rice, 48 Wn. App. 7, 13, 737 P.2d 726 (1987) (trial court did not abuse discretion by excluding minimally probative evidence that was likely to confuse jurors).

Defense counsel sought to create an inference that, because the recalled vials that did not have the correct amount of anticoagulant and enzyme inhibitor had been, nonetheless, certified as if they had contained the correct amounts, the certification used to show that the vials that were used to collect and test Lanovenko's blood actually contained the correct amounts of anticoagulant and enzyme inhibitor was not credible. The trial court determined that evidence of the recall was not relevant because the vials used in this case were not subject to the recall and there was no evidence that they were subject to the same deficiencies as the vials that were recalled. Furthermore, the court determined that such evidence was likely to confuse the jury and any slight relevance was outweighed by the risk of confusion. The trial court explained:

> [I]t's just taking the jury down a rabbit hole to talk about a specific problem they have with a lot of vials that is not involved in this case. So, you know, you can talk about the issue in general, but not the specific problem that was in this particular lot that is not at issue in this case.

The trial court later elaborated:

> If you want -- certainly, [defense counsel], I would have allowed you, if you wanted to, to talk about do you sometimes experience recalls of equipment, or of supplies, or something, you know, things in general. But this particular recall, since it dealt with a different batch than the batch of tubes we're dealing with, did not directly apply to the -- to what was involved there.

By contrast, evidence concerning the vials used to test Lanovenko's blood was admitted. The toxicologist testified that without the correct amount of the anticoagulant, the blood in the tube would clot. On cross-examination, the toxicologist confirmed that the blood that she tested had not clotted.

9

The trial court's determination that evidence of the specific vial recall was not admissible because it was of no or little relevance, and was likely to confuse the jury, is a reasonable application of ER 401, ER 402, and ER 403. Because the trial court's conclusion was not manifestly unreasonable, there was no abuse of discretion.

B

Because we have determined that the trial court's exclusion of the vial recall evidence was not an abuse of discretion, we proceed to whether the ruling violated Lanovenko's constitutional right to present a defense.

"The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations." Chambers v. Mississippi, 410 U.S. 284, 294, 93 S. Ct. 1038, 35 L. Ed. 2d 297 (1973). "A defendant's right to an opportunity to be heard in his defense, including the rights to examine witnesses against him and to offer testimony, is basic in our system of jurisprudence." State v. Jones, 168 Wn.2d 713, 720, 230 P.3d 576 (2010) (citing Chambers, 410 U.S. at 294). However, defendants have "no constitutional right to present *irrelevant* evidence." Jones, 168 Wn.2d at 720.

When determining whether the right to present a defense has been violated, "the State's interest in excluding evidence must be balanced against the defendant's need for the information sought to be admitted." Arndt, 194 Wn.2d at 812. It would violate a defendant's right to present a defense to bar the admission of evidence that, "if excluded, would deprive defendants of the ability

10

to testify to their versions of the incident." Jones, 168 Wn.2d at 721. However, a trial court may bar the admission of evidence that, if excluded, would not completely bar a defendant from offering relevant evidence that would enable the defendant to present the defense theory of the case to the jury. See Arndt, 194 Wn.2d at 813-84 (concluding that Arndt's right to present a defense was not violated in a murder and arson case when only some of her proffered evidence was excluded and she was able to argue her defense theory to the jury).

Here, Lanovenko contends that evidence of the vial recall was necessary to challenge the credibility of the blood test presented in this case. However, Lanovenko was permitted to, and did, argue his theory that the testing process was unreliable. In support of this theory, Lanovenko was allowed to argue that the testing process was unreliable because (1) the Washington State Patrol has had equipment recalled before, (2) there was less blood collected in one vial than there should have been, (3) that without the appropriate enzyme inhibitor, ethanol would continue to grow in the sample and such a result would not be obvious to the toxicologist, and (4) that the vials were not correctly sealed according to standard procedures.

Evidence of a specific prior recall of vials that did not involve the vials at issue in this case was, therefore, not required for Lanovenko to argue that the process used to test his blood alcohol content was not reliable. See Arndt, 194 Wn.2d at 813-14 (concluding that there was no violation of Arndt's right to present a defense because Arndt was able to advance her defense theory

through the presentation of some, though not all, of her proposed supporting evidence).

Because Lanovenko was allowed to proffer sufficient evidence to argue his defense theory to the jury, his right to present a defense was not violated.

Affirmed.

_Dwyer, J._

WE CONCUR:

_Coburn, J._          _Mann, C.J._