**FILED**
**MARCH 7, 2024**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 39363-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ZACHARY P. BERGSTROM, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Zachary Bergstrom appeals after the trial court resentenced him in accordance with *State v. Bergstrom*, 199 Wn.2d 23, 502 P.3d 837 (2022). Mr. Bergstrom argues the trial court erred by refusing to consider his two CrR 7.8 motions, which he asked to be heard at the resentencing hearing. We disagree, but note that Mr. Bergstrom can have the arguments raised in those motions considered by this court, once the trial court enters a transfer order with appropriate findings.

FACTS

The State, through amended information, charged Zachary Bergstrom with one count of possession of a controlled substance, three counts of bail jumping, and one count of escape from community custody under Spokane County Superior Court No. 17-1-03794-1 (the 2017 case). A jury convicted him of all counts, except for the possession of a controlled substance charge. Mr. Bergstrom appealed. *State v.*

*Bergstrom*, 15 Wn. App. 2d 92, 94, 474 P.3d 578 (2020) (published in part), *aff'd*, 199 Wn.2d 23.

In the published portion of our opinion, we held that Mr. Bergstrom was denied his due process right to have the jury instructed on every element of bail jumping but that the error was harmless beyond a reasonable doubt. *Id*. at 100. In the unpublished portion of our opinion, we reversed one bail jumping conviction due to ineffective assistance of counsel. *State v. Bergstrom*, No. 37023-2-III, slip op. at 14-15 (Wash. Ct. App. Oct. 15, 2020), (unpublished portion), https://www.courts.wa.gov/opinions/pdf/ 370232_pub.pdf.

The State petitioned the Washington Supreme Court for review, and the court granted the State's petition. *Bergstrom*, 199 Wn.2d at 33. The Supreme Court reached the same result as we did. *Id*. at 45. It concluded that the jury was properly instructed on every element of bail jumping, thus affirming the bail jumping convictions we had affirmed through a harmless error analysis. *Id.* at 40. However, it left untouched our vacation, in the unpublished portion of our opinion, of one of Mr. Bergstrom's bail jumping convictions. *See id*. Thus, after issuance of the Supreme Court's mandate, the trial court was required to vacate one of Mr. Bergstrom's bail jumping convictions and resentence him.

Prior to resentencing, Mr. Bergstrom, through counsel, filed a CrR 7.8 motion.

The motion argued that his remaining convictions in the 2017 case must be vacated

because (1) they were predicated on an unconstitutional possession of a controlled

substance offense under *State v. Blake*,[1] and (2) the seriousness level of the predicate

offenses could not be determined.

*Scheduling hearing*

Approximately nine months after the Supreme Court's mandate, the parties

appeared in superior court for a scheduling hearing to discuss the 2017 case and a

separate 2018 case. With respect to the latter, the State sought to have Mr. Bergstrom's

judgment and sentence corrected to include a community custody condition.

At the hearing, defense counsel explained that Mr. Bergstrom sought to be

resentenced in the 2017 case, that he had filed a motion to vacate the remaining

convictions in that case, and that Mr. Bergstrom, acting pro se, intended to file

supplemental motions. After some discussion, the trial court directed defense counsel to

file Mr. Bergstrom's pro se motions.

That day, defense counsel filed Mr. Bergstrom's pro se motion in the 2017 case.

In that motion, Mr. Bergstrom reiterated one of defense counsel's arguments, that his

---

[1] 197 Wn.2d 170, 195, 481 P.3d 521 (2021).

convictions for bail jumping and escape should be vacated because the underlying charge was unconstitutional.  The State responded and argued the court should not consider either of Mr. Bergstrom's motions.

*Resentencing and motion hearing*

The court held a hearing to resentence Mr. Bergstrom in the 2017 case and to consider both parties' CrR 7.8 motions.  After some discussion, the trial court decided to sentence Mr. Bergstrom in accordance with the mandate and to transfer both of the parties' CrR 7.8 motions to this court as a personal restraint petition.

Mr. Bergstrom timely appealed.

PROCEDURE DURING PENDENCY OF APPEAL

While this appeal was pending, the trial court transferred the three CrR 7.8 motions to this court for consideration as a personal restraint petition.  In the findings attached to the transfer order, the trial court found the motions should be considered by this court "because there were no new facts for the trial court to consider."  Ord. Transferring CrR 7.8 Mot. to Ct. of Appeals, Ex. A, at 1, *State v.  Bergstrom*, No. 18-1-02398-1 (Spokane County Super. Ct., Wash. May 2, 2023).  We denied review because the trial court failed to enter adequate findings under CrR 7.8(c)(2).  Ord. Dismissing Pers. Restraint Pet., *In re Pers. Restraint of Bergstrom*, No. 39737-8-III (Wash. Ct. App.

Nov. 16, 2023). We remanded with instructions for the trial court to either hold an evidentiary hearing or clarify its transfer order. *Id.* at 2.

In response, perhaps, a cover sheet with multiple judgments and sentences was filed. Cover Sheet, *In re Pers. Restraint of Bergstrom*, No. 39737-8-III (Wash. Ct. App. Nov. 9, 2023). The cover sheet read: "Certified copies of Judgments and Sentences used to determine offender score." *Id.* at 1. Misreading the tea leaves, we inferred that the trial court had resolved the CrR 7.8 issues on the merits. Order Dismissing Personal Restraint Petition, at 3, *In re Pers. Restraint of Bergstrom*, No. 39737-8-III (Wash. Ct. App. Nov. 16, 2023). Because the trial court's decision would be subject to direct review, we dismissed the petition as procedurally barred. *Id.* at 4. Mr. Bergstrom did not request reconsideration of the dismissal order on the basis that the CrR 7.8 issues had not been resolved by the trial court.

## ANALYSIS

CrR 7.8 TRANSFER ORDER ERROR

As a threshold matter, the State correctly concedes that the trial court's findings accompanying its transfer order were inadequate.

"Collateral attacks filed in superior court are governed by CrR 7.8, and 'when a superior court receives a CrR 7.8 motion, it should follow the CrR 7.8(c) procedures.'"

5

*State v. Molnar*, 198 Wn.2d 500, 508-09, 497 P.3d 858 (2021) (quoting *State v. Waller*, 197 Wn.2d 218, 220, 481 P.3d 515 (2021)).

CrR 7.8(c)(2) provides:

The court shall transfer a motion filed by a defendant to the Court of Appeals for consideration as a personal restraint petition unless the court determines that the motion is not barred by RCW 10.73.090 and either (i) the defendant has made a substantial showing that they are entitled to relief or (ii) resolution of the motion will require a factual hearing.

Here, the trial court found that the CrR 7.8 motions were not barred by the one-year time bar of RCW 10.73.090. Neither the transfer order nor the accompanying findings shed light on whether the motions were timely, whether Mr. Bergstrom[2] made a substantial showing he was entitled to relief, or whether the resolution of his motions required a factual hearing. These deficiencies were not cured by the later filing that attached various judgments and sentences.

REFUSAL TO RULE ON MERITS OF CrR 7.8 MOTIONS

Mr. Bergstrom contends the trial court erred when it refused to rule on the merits of his various CrR 7.8 motions. We disagree.

---

[2] We do not address the trial court's attempt to transfer the *State's* CrR 7.8 motion to this court as a personal restraint petition. To be entitled to relief in a personal restraint petition, the State would have to show it is unlawfully restrained. RAP 16.7(a)(2).

At the resentencing hearing, the trial court orally determined that Mr. Bergstrom's motions were not barred by RCW 10.73.090 and their resolutions did not require a factual hearing. These findings were sufficient to warrant transferring Mr. Bergstrom's motions to this court as a personal restraint petition. Thus, the trial court did not err by refusing to consider the motions. The error occurred because the findings that accompanied the transfer order were inadequate. The findings merely stated there were "no new facts for the trial court to consider." Order Transferring CrR 7.8 Mot. to Ct. of Appeals, Ex. A, at 1, Court's Findings Regarding Post-Conviction Motions, *State v. Bergstrom*, No. 18-1-02398-1 (Spokane County Super. Ct., Wash. May 2, 2023).

The merits of Mr. Bergstrom's CrR 7.8 arguments have yet to be determined by any court. We conceive of no reason why Mr. Bergstrom's arguments, raised by collateral attack within one year of the Supreme Court's mandate, may not be considered by this court. We await a transfer order accompanied by adequate findings.

VICTIM PENALTY ASSESSMENT (VPA)

Mr. Bergstrom argues the VPA must be struck from his judgment and sentence due to recent legislation. The State concedes. We accept the State's concession.

Under former RCW 7.68.035(1)(a) (2018), the trial court was required to impose a VPA on any individual found guilty of a crime. Effective July 1, 2023, the legislature

7

No. 39363-1-III
*State v. Bergstrom*

amended RCW 7.68.035 to preclude superior courts from imposing a VPA on a defendant who, at the time of sentencing, is found to be indigent as defined in RCW 10.01.160(3). *See* LAWS OF 2023, ch. 449, § 1(4). Statutory amendments related to legal financial obligations imposed upon conviction generally apply to all cases pending on direct appeal that are not yet final. *See, e.g., State v. Wemhoff*, 24 Wn. App. 2d 198, 201-02, 519 P.3d 297 (2022); *State v. Ramirez*, 191 Wn.2d 732, 749, 426 P.3d 714 (2018).

Mr. Bergstrom's case is pending on direct appeal and is not yet final. The record shows that the trial court found him to be indigent. Therefore, the amended statute applies, and we direct the trial court to strike the VPA from his judgment and sentence.

Affirmed, but remanded to strike VPA.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____          _____
Fearing, C.J.                                                    Staab, J.

8